COPY

1   Kamran Shahabi (State Bar No. 276194)
    ks@valiantlaw.com
2   Natalie Avedisian (State Bar No. 327797)
    naa@valiantlaw.com
3   **VALIANT LAW**
    800 Ferrari Lane, Suite 100
4   Ontario, California 91764
    Phone: 909 677 2270 ♦ Fax: 909 677 2290
5
    Attorneys for PLAINTIFF, JANET BAEZ
6



F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 27 2022

BY _____
GLORIA MARIN, DEPUTY

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF SAN BERNARDINO**

10

11  JANET BAEZ, an individual          Case No. CIV SB 2 2 0 7 1 0 0

12              PLAINTIFF,             **PLAINTIFF'S COMPLAINT FOR:**

13      v.                            1.  Gender Discrimination in Violation
                                          California Government Code § 12940
14  CINTAS CORPORATION NO. 2, a Nevada    et seq.;
    Corporation; KIM MAHALL, an individual;  2.  Failure to Engage in the Interactive
15  and DOES 1 through 20, inclusive,     Process;
                                      3.  Failure to Accommodate in Violation
16              Defendants.               of California Government Code §
                                          12940 et seq.;
17                                    4.  Failure to Provide Lactation
                                          Accommodation in Violation of Labor
18                                        Code § 1030 et seq;
                                      5.  FMLA Retaliation in Violation of 29
19                                        U.S.C. § 2601, et seq.;
                                      6.  Retaliation in Violation of California
20                                        Government Code § 12940 et seq.;
                                      7.  Whistleblower Retaliation in Violation
21                                        of Labor Code §1102.5 et seq.;
                                      8.  Wrongful Termination in Violation of
22                                        Public Policy;
                                      9.  Failure to Pay Minimum Wages
23                                        Pursuant to Labor Code §§ 1194,
                                          1194.2, and § 1197;
24                                    10. Failure to Provide Accurate Wage
                                          Statements in Violation of Labor Code
25                                        § 226;
                                      11. Waiting Time Penalties Pursuant to
26                                        Labor Code §§ 201-203;
27

28

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

EXHIBIT A

12. Unlawful, Unfair, and Fraudulent
    Business Practices in Violation of Bus.
    & Prof. Code §§ 17200, et seq.;
13. Intentional Infliction of Emotional
    Distress; and

**DEMAND FOR JURY TRIAL**

**COMES NOW** PLAINTIFF, JANET BAEZ, an individual, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an unlimited civil action, and this Court has jurisdiction over this action because the amount of controversy exceeds $25,000, exclusive of interest and costs.

2. Jurisdiction and Venue are also proper in this Court because the majority of the claims alleged herein arose in San Bernardino County and all the defendants are doing or did business throughout San Bernardino County, in each case, at the times relevant herein. See also California Code of Civil Procedure § 395, which provides that the venue is proper in this County because defendants reside in this County and/or the harm to Plaintiff occurred in this County.

**PARTIES**

3. PLAINTIFF JANET BAEZ (hereinafter, "PLAINTIFF"), at all times relevant hereto, was and is a resident of the State of California.

4. PLAINTIFF is informed and believes, and thereon alleges, that Defendant CINTAS CORPORATION NO. 2 (hereinafter, "CINTAS"), is a Nevada Corporation, headquartered in Cincinnati, Ohio, doing substantial business in the State of California, with multiple locations in the County of San Bernardino, including at 2150 S Proforma Ave., Ontario, CA 91761.

5. PLAINTIFF is informed and believes, and thereon alleges, that Defendant KIM MAHALL (hereinafter, "MAHALL"), is an individual residing in the State of California. MAHALL was CINTAS' Sales Director and managing agent, and PLAINTIFF's supervisor, and in the capacity during all times alleged herein, acted under the direction and control of CINTAS.

6. PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 20, inclusive (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing

business at all times herein mentioned and material hereto in the State of California, and are/were the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative, manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

7.     The true names and capacities, whether individual, corporate or associate, or otherwise, designated herein as DOES, are unknown to PLAINTIFF at this time, who, therefore, sue said DOES by such fictitious names and will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained.

8.     Plaintiff is informed and believes and based thereon, alleges that at all times material hereto, CINTAS and MAHALL and DOES 1 through 20 (hereinafter collectively referred to as "DEFENDANTS") and each of them, were duly authorized agents, or servants, or representatives, or co-conspirators of the other, or the alter ego, or the principal, or the owner, or representatives, and were acting at all times within the course and scope of their agency or representative capacity with the knowledge and consent of the other.

9.     All of the acts and conduct herein and below described of each and every corporate Defendant was duly authorized, ordered by management-level employees of said corporate employers. In addition, thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conducts of said corporate employees, agents and representatives, the Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

10.     PLAINTIFF exhausted her administrative remedies by timely filing a complaint for the issues required to be raised herein against DEFENDANTS with the California Department of Fair Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1    DFEH attached hereto as **Exhibit "A."**

2    <u>**FACTUAL ALLEGATIONS**</u>

3    11.    CINTAS offers complete facility services, including fire protection services for a

4    number of local businesses within Southern California, and was, at all times, PLAINTIFF's legal

5    employer.

6    12.    PLAINTIFF began her employment with DEFENDANTS in or around February

7    2017 as an Accounts Manager. Throughout her employment, PLAINTIFF proved to be a diligent

8    and hardworking employee – and listed as one of the top performers within the company.

9    13.    PLAINTIFF discovered that she was pregnant in or around the Spring of 2018 and

10   immediately notified DEFENDANTS of her pregnancy. Unfortunately, in or around April 2018,

11   PLAINTIFF began to experience complications with her pregnancy and sought medical treatment.

12   As a result, PLAINTIFF was placed on a short-term disability leave from approximately April 2018

13   to July 2018. Following this leave, and as a further result of the ongoing complications PLAINTIFF

14   was experiencing, her physician requested that PLAINTIFF work from home until her estimated

15   delivery date (of November 11, 2018).

16   14.    Despite PLAINTIFF's physician's explicit orders, DEFENDANTS failed to

17   accommodate PLAINTIFF by continuing to require her attendance at in-person meetings and/or

18   training sessions and required PLAINTIFF to travel to the office to perform work related duties.

19   During this time, PLAINTIFF was also required to have a medical "IV drip" connected to her

20   person. DEFENDANTS, however, still required PLAINTIFF's attendance at their office twice per

21   week, and in the sales field for the remaining three days per week—with PLAINTIFF's "IV drip"

22   in tow. In addition, PLAINTIFF was forced to travel to her supervisor Juan Hernandez's (hereinafter

23   "HERNANDEZ") residence on several occasions for menial tasks (that could have been done via

24   remote), including, for example, to reset her work password. Notably, all of these acts were directly

25   against PLAINTIFF's physician's orders and could have been reasonably performed at home.

26   15.    Egregiously, CINTAS maintained a well-known discriminatory policy that all

27   employees – even those on approved leave – must continue to work and maintain their accounts or

28   risk termination.  PLAINTIFF was reminded of this unlawful "upolicy on several occasions

throughout her employment. PLAINTIFF, having no meaningful choice, went against her physician's orders and continued to go into the office for fear of retaliation and termination despite the inherently negative impact and implications on her pregnancy.

16.     PLAINTIFF gave birth in or around November 2018. Shortly thereafter, PLAINTIFF contacted HERNANDEZ to inform him that she would need specific lactation accommodations upon her return – specifically that she would require a private room to pump breast milk. PLAINTIFF was quickly informed that CINTAS' Human Resources office ("HR room") would be available for her use. PLAINTIFF further informed HERNANDEZ that she would be required to pump every two hours and would need the privacy of the HR office frequently. HERNANDEZ confirmed that the office would be available. In addition, HERNANDEZ informed PLAINTIFF that, upon her return to work, her territories would be changed at the direction of MAHALL. More specifically, her territories would be reduced resulting in PLAINTIFF losing the potential to earn her pre-pregnancy leave commissions. PLAINTIFF is informed and believes this was in direct retaliation for taking medical leave and requesting reasonable accommodations.

17.     Upon PLAINTIFF's return to work, in or around January 2019, she quickly realized that the HR office provided little to no privacy for her to pump breast milk. Specifically, whenever PLAINTIFF needed the room, she was forced to alert those using the HR room—including Dee Lewis ("LEWIS") and several other company team members and employees—that she needed the room to pump. PLAINTIFF understandably felt embarrassed and completely humiliated that every two hours she was forced to alert everyone in the HR room to leave so she could use it to pump. Adding insult to injury, LEWIS requested that PLAINTIFF only use specific chairs while pumping—furthering humiliating and degrading PLAINTIFF. Moreover, on multiple occasions, due to a lack of "approved" chairs in DEFENDANTS' HR room, PLAINTIFF was forced to sit on the floor while she pumped. Sadly, however, this was just the beginning of PLAINTIFF accommodating DEFENDANTS instead of DEFENDANTS accommodating her pregnancy needs.

18.     Egregiously, despite the assurance that she would have a private location to pump, PLAINTIFF was routinely interrupted while using the single HR room. On several occasions, CINTAS' employees walked in on PLAINTIFF, even though the door was locked and a "Do Not

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

Enter" sign was in place. On one specific occasion, a female co-worker used a key to enter the locked room, where PLAINTIFF immediately informed her that the office was in use for her pregnancy accommodations. Instead of giving PLAINTIFF the privacy she was allotted by law, this CINTAS employee disregarded PLAINTIFF's privacy and began to place her things at her desk before leaving—only after PLAINTIFF again requested privacy. On another occasion, another CINTAS employee walked into the locked HR office while PLAINTIFF was shirtless. Such pervasive and gradually intentional conduct left PLAINTIFF completely mortified and humiliated. As a result, PLAINTIFF began to suffer severe anxiety which directly affected her ability to produce milk.

19.     Importantly, after each interruption and incident, PLAINTIFF complained to both HERNANDEZ and CINTAS' Branch Manager Winter Barry ("BARRY"). PLAINTIFF again reminded them that she was experiencing anxiety, humiliation, and embarrassment because of DEFENDANTS' failure to properly and/or lawfully accommodate PLAINTIFF. Shockingly, however, instead of alleviating her concerns or finding meaningful solutions, DEFENDANTS failed to respond or act—and ignored PLAINTIFF.

20.     In addition to an unfettered and careless breach of her privacy, PLAINTIFF also faced additional humiliation and harassment from MAHALL. MAHALL frequently inquired as to the reason it would take PLAINTIFF "so long" to pump. Adding insult to injury, MAHALL used his wife's pumping experience as a standard to determine that PLAINTIFF was apparently taking "too long to pump." MAHALL's inquiries, coupled with the harassment and embarrassment PLAINTIFF had already endured, left PLAINTIFF feeling further humiliated and ashamed, as she was forced to defend the manner in which her body produced milk in a different way than her superior's wife—all actions and conduct that PLAINTIFF did not need to explain or endure. PLAINTIFF continued to make complaints to CINTAS regarding this conduct, yet her complaints continued to fall on deaf ears.

21.     Due to CINTAS' unwillingness to provide reasonable and lawful accommodations for PLAINTIFF, she attempted to eliminate her need to pump by using baby formula to feed her newborn. Unfortunately, however, PLAINTIFF's baby did not respond well to any of the formulas

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

she tried. Making matters worse, PLAINTIFF was forced to take her newborn to the emergency room because PLAINTIFF's newborn was dehydrated from rejecting the formula and not eating all day. PLAINTIFF's newborn's preventable diagnosis understandably caused her increased shame, and self-harm, based on the belief that her newborn's harm and suffering was because of her incapability—whereas DEFENDANTS' unlawful and disgusting conduct was and undoubtedly remains the cause of PLAINTIFF's and her newborn's harm.

22.     On or about March 4, 2019, PLAINTIFF again complained to HERNANDEZ and BARRY that she required an alternate location to pump. Shockingly, DEFENDANTS quickly tried to shift the blame onto PLAINTIFF by insinuating that she failed to put up the "Do Not Enter" sign while she was occupying the room. PLAINTIFF, however, yet again confirmed that she consistently locked the door, put up the "Do Not "Enter" sign, and did everything she could to try to make the HR office work because PLAINTIFF certainly did not desire her privacy to be repeatedly breached. DEFENDANTS, however, did not care, and showed no concern for PLAINTIFF's continued pleas for help. PLAINTIFF again emphasized that she was humiliated and embarrassed and pleaded to find another solution. Despite her ongoing complaints and pleas for help, CINTAS again failed to take any action.

23.     As a result of DEFENDANTS' ongoing failure to provide accommodations, PLAINTIFF attempted to find another solution on her own. PLAINTIFF ultimately tried to shorten the time she spent pumping so that she would not be occupying the HR office for long periods. However, PLAINTIFF's actions led to improper lactation which developed into further medical complications. Consequently, on March 11, 2019, PLAINTIFF informed DEFENDANTS that she was going to the doctor because she was experiencing Mastitis, a painful infection of the breast caused by excessive amounts of time between pumping and/or failing to fully empty the breast.

24.     Shortly thereafter, and as a direct result of their now clearly growing liability, CINTAS finally offered PLAINTIFF an alternative office to pump. However, PLAINTIFF's relief was short-lived. On or about April 15, 2019, while PLAINTIFF was attempting to use the room, CINTAS' agent informed PLAINTIFF that the office had turned into a "first aid" office. PLAINTIFF respectfully explained her position and even attempted to find a solution to co-use the

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

room. Sadly, however, CINTAS' agent quickly displayed his unwillingness to work with PLAINTIFF by immediately asking her how long and how often she would require the room. CINTAS' agent then instructed PLAINTIFF to wait for him to make a call before allowing her to use the office—effectively denying PLAINTIFF the opportunity to pump. Finally, CINTAS' agent begrudgingly allowed PLAINTIFF to use the office, but this was also short lived. Within ten minutes of using the office, CINTAS' "first aide officer" knocked on the door inquiring when she would be done. PLAINTIFF once again complained to DEFENDANTS who merely offered the HR room as a solution.

25.    On or about April 17, 2019, PLAINTIFF escalated her complaints to CINTAS' corporate office because DEFENDANTS' local managing agents refused to accommodate PLAINTIFF. Egregiously, however, PLAINTIFF's escalated complaint to CINTAS' corporate headquarters merely instigated and further perpetuated a retaliatory scheme against PLAINTIFF, aimed to either force her voluntary resignation and/or create fabricated reasons to pretextually terminate her position.

26.    In addition, during this same time, CINTAS continued to require PLAINTIFF to attend off-site meetings and trainings. Because of DEFENDANTS' continue to failure to reasonably accommodate all of PLAINTIFF's medical conditions and limited requests, on or about June 5, 2019, PLAINTIFF complained to DEFENDANTS regarding the physical, emotional and mental impact of DEFENDANTS' pervasive discrimination, harassment and retaliation. PLAINTIFF also informed DEFENDANTS that the mandatory off-site meetings and training sessions significantly continued to impact and hinder PLAINTIFF's ability to pump breast milk every two hours. Particularly, PLAINTIFF referenced her experience in attending a meeting just the week prior, and the impact it had on her health, the health of her newborn. DEFENDANTS, however, did not care. Instead, PLAINTIFF was required to drive over an hour and a half to attend the meeting then, once she was at the meeting, CINTAS failed to provide her a safe and private location to pump. As a result, PLAINTIFF was yet again denied the opportunity to pump, and she consequently contracted another infection. Notably, PLAINTIFF had now suffered three infections within the six months of her return to work, which included symptoms such as high fever, chills, and immense pain whenever

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

PLAINTIFF tried to walk or even move her arms. Worse still, PLAINTIFF was required to consume various medications and antibiotics to help combat the infections, however, because PLAINTIFF was not suffering from reoccurring infections, PLAINTIFF built an allergic reaction to the main antibiotic – Amoxicillin – and was no longer able to take it as an antibiotic.

27.     As a continued result of DEFENDANTS' unlawful and reckless conduct, PLAINTIFF was placed on disability leave in or around August 2019. During her leave, however, PLAINTIFF continued to perform her work duties such as answering work related phone calls and maintaining her accounts. Particularly, on August 18 and 19, 2019, PLAINTIFF exchanged text messages with HERNANDEZ regarding her accounts for which she was never compensated. Notably, PLAINTIFF was not compensated for any work she was forced to perform from August 2, 2019, through September 13, 2019, while remaining on disability leave.

28.     PLAINTIFF commendably withstood DEFENDANTS' wholly intolerable and unlawful work conditions, discrimination and retaliation, to return from disability leave.  Then, in or around February 2020, PLAINTIFF was named one of the top performers within the company and ranked higher in sales than four of her immediate colleagues.

29.     In or around March 2020, because of the COVID-19 pandemic and the "stay at home" quarantine orders impacting all companies and people alike across the globe, CINTAS required its employees to work from home. However, on or about April 3, 2020, PLAINTIFF received a text message from HERNANDEZ requesting that she come into the office. Reasonably confused and concerned by the message—especially because CINTAS was still under state and federal quarantine orders—PLAINTIFF contacted HERNANDEZ to clarify why she needed to come into the office. Shockingly, HERNANDEZ informed PLAINTIFF that she was being terminated for the wholly fabricated and pretextual reason that it was in the best interest of CINTAS due to the alleged financial impact of the COVID-19 pandemic. PLAINTIFF, however, understood that CINTAS was "furloughing" various employees, and requested the opportunity to return once CINTAS' financial concerns were alleviated.  CINTAS, however, refused to "furlough" PLAINTIFF, and firmly defended and upheld its wrongful termination of PLAINTIFF's employment.  Adding insult to injury, PLAINTIFF discovered that she was the only employee

1   chosen for termination in her department, despite outperforming her colleagues. PLAINTIFF,

2   therefore, is informed and reasonably believes that her termination was in direct retaliation for

3   PLAINTIFF's ongoing complaints and formal corporate grievance lodged regarding CINTAS'

4   pervasive and nonstop failure to accommodate her pre and post pregnancy needs.

5       30.     PLAINTIFF has suffered financially and emotionally because of DEFENDANTS'

6   multiple forms of discrimination, harassment, retaliation, and wrongful termination.

7       31.     PLAINTIFF now commences this suit against DEFENDANTS, and each of them,

8   and alleges the following:

9                                **FIRST CAUSE OF ACTION**

10   **Gender Discrimination in Violation of California Government Code §12940 et seq.**

11              **(As to DEFENDANT CINTAS and DOES 1 through 20)**

12      32.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every

13   preceding and subsequent paragraph as though fully set forth herein.

14      33.     CINTAS was PLAINTIFF's employer at all relevant times mentioned herein.

15   PLAINTIFF was CINTAS' employee at all relevant times mentioned herein.

16      34.     At all times herein mentioned, Government Code §§ 12940 et seq., was in full force

17   and effect and was binding on CINTAS. This statute requires CINTAS to refrain from

18   discrimination against any employee based on their sex.  Further, CINTAS may not refuse to hire,

19   select for a training program or promotion, and may not discharge, discriminate or retaliate against

20   PLAINTIFF because of her sex or for opposing any unlawful employment practice, filing a

21   complaint, testifying or assisting in any proceeding under the FEHA. (Gov. Code § 12940 et seq.)

22      35.     California Government code section 12926(r)(1) defines "sex" to include "pregnancy

23   or medical conditions related to pregnancy" (Cal. Gov't Code § 12926(r)(1)(A).) California

24   Government code section 12926(r)(1) defines "sex" to further include "childbirth or medical

25   conditions related to childbirth" (Cal. Gov't Code § 12926(r)(1)(B). Furthermore, California

26   Government code section 12926 and 12940 requires an employer to allow an employee disabled by

27   pregnancy, childbirth or related medical conditions to take a leave of absence and to maintain her

28   health insurance during the leave. Additionally, FEHA protects a women's right to hold employment

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

1  and receive paid maternal leave for pregnancy. Therefore, it is illegal for an employer to terminate

2  and employee for their pregnancy status.

3      36.    PLAINTIFF contacted CINTAS in or around November 2018 and informed them

4  that she would require certain lactation accommodations upon her return from maternity leave.

5      37.    CINTAS, however, engaged in a pattern and practice of sex discrimination following

6  her return from maternity leave in or around January 2019 through her wrongful termination.

7  CINTAS managers and supervisors, trusted to employ fair and legal practices, denied PLAINTIFF

8  her legal rights, and treated her differently because of her sex— pregnancy.

9      38.    PLAINTIFF was treated differently, discriminated, and retaliated against because of

10  her sex—pregnancy. PLAINTIFF was not accommodated or provided sufficient pregnancy

11  accommodations – specifically regarding her need for a safe and private location to pump breast

12  milk. PLAINTIFF was otherwise subject to disparate treatment discrimination, including her

13  eventual termination, on account of her sex and pregnancy. PLAINTIFF's status was and remains a

14  substantial motivating reason for her disparate treatment. Because of PLAINTIFF's status, she was

15  subjected to different terms, conditions and/or privileges of employment that were adverse.

16      39.    Instead of adhering to their legal obligations of providing reasonable

17  accommodations and providing PLAINTIFF a safe and private location to pump her breast milk

18  upon her return from maternity leave, CINTAS subjected her to a series of adverse employment

19  actions which included, reducing her territories which resulted in less commissions, failing to

20  provide a private location to pump, and ultimately terminating her employment.

21      40.    CINTAS discriminated against PLAINTIFF based on her sex and terminated

22  PLAINTIFF because of her sex, in violation of FEHA. CINTAS' discrimination and retaliation

23  include (without limitation), PLAINTIFF being denied an interactive process and reasonable

24  accommodation, and PLAINTIFF being wrongfully terminated following her numerous complaints

25  regarding CINTAS' failures to provide a safe and private location to pump.

26      41.    By engaging in the above referenced acts and omissions, CINTAS discriminated

27  against PLAINTIFF because of her sex in violation of Government Code §§ 12940, et seq. and

28  PLAINTIFF was significantly harmed. CINTAS conduct was a substantial factor in causing

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1 PLAINTIFF's harm.

2     42.     As such, and as a result of CINTAS' unlawful conduct, PLAINTIFF suffered and

3 continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional

4 distress, including (without limitation), depression, decline in health, anxiety, embarrassment,

5 humiliation, loss of self-esteem, and mental anguish.

6     43.     PLAINTIFF will seek economic damages, non-economic damages, punitive

7 damages, recovery of her reasonable attorney's fees and costs as the prevailing party and in amounts

8 to be proven at trial in addition to interest thereon and any and all other remedies and damages

9 available under the applicable laws.

10         **SECOND CAUSE OF ACTION**

11         **Failure to Engage in the Interactive Process**

12         **(As to DEFENDANT CINTAS and DOES 1 through 20)**

13     44.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every

14 preceding and subsequent paragraph as though fully set forth herein.

15     45.     Pursuant to *Government Code* § 12940(n), CINTAS, and each of them, were required

16 to engage in a good faith interactive process with PLAINTIFF to determine the extent of her

17 disability and/or condition related to her disability and how it could be reasonably accommodated.

18     46.     PLAINTIFF was at all times ready and willing to engage in a good faith interactive

19 process. PLAINTIFF notified CINTAS of her pregnancy and need for certain pregnancy related

20 accommodations on a number of occasions when she explicitly informed HERNANDEZ and

21 BARRY that she required a safe and private location to pump following her return from maternity

22 leave.

23     47.     PLAINTIFF requested that CINTAS make reasonable accommodations for her

24 pregnancy so that she would be able to perform her essential job requirements.

25     48.     PLAINTIFF was at all times ready and willing to engage in the good faith interactive

26 process. However CINTAS, and each of them, failed to engage in said good faith interactive process

27 with PLAINTIFF.

28     49.     CINTAS failed to engage in said good faith interactive process, specifically after

PLAINTIFF advised them of her pregnancy and need for lactation accommodations, to determine whether reasonable accommodations could be made.

50.     CINTAS instead reduced her territories which in turn caused her to lose out on potential commission, failed to provide a safe and private location to pump, and ultimately wrongfully terminated her employment, instead of granting further reasonable accommodations, causing her significant harm.

51.     CINTAS' failure to engage in a good-faith interactive process was a substantial factor in causing PLAINTIFF's harm.

52.     By engaging in the above-referenced acts and omissions, CINTAS, and each of them, discriminated against PLAINTIFF because of her pregnancy and related requests for reasonable accommodations in violation of Gov.C. § 12940, et seq.

53.     As a result of CINTAS' unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including but not limited to, depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

54.     PLAINTIFF is entitled to and will seek exemplary, general, and compensatory damages and attorney's fees and costs as to CINTAS in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

### THIRD CAUSE OF ACTION

**Failure to Accommodate in Violation of California Government Code §12940 et seq.**

**(As to DEFENDANT CINTAS and DOES 1 through 20)**

55.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

56.     CINTAS was PLAINTIFF's legal employer at all times relevant herein; and PLAINTIFF was an employee of CINTAS at all times relevant herein.

57.     Pursuant to Gov. Code §§ 12940(m) and 12945, and California Labor Code §§ 1030 through 1033, CINTAS, and each of them, were required to reasonable accommodate PLAINTIFF's medical restrictions as a result of her pregnancy. Instead of providing reasonable accommodations,

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

CINTAS, and each of them, reduced her territories which in turn caused her to lose out on potential commission, failed to provide a safe and private location to pump, and ultimately wrongfully terminated her employment, in direct and total disregard of all applicable laws.

58.     PLAINTIFF was at all relevant times qualified for employment and was, in fact, an exemplary employee.

59.     CINTAS knew of PLAINTIFF's pregnancy and need for lactation accommodations.

60.     PLAINTIFF could perform all the essential functions of her job with reasonable accommodations.

61.     CINTAS failed to provide proper reasonable accommodations for PLAINTIFF's pregnancy and need for lactation accommodations.

62.     CINTAS terminated PLAINTIFF's employment, *inter alia*, as a direct result of CINTAS' failure to properly accommodate PLAINTIFF's pregnancy and need for pregnancy related accommodations, protected class, and protected activities, including her related reasonable accommodation request.

63.     By engaging in the above-referenced acts and/or omissions, CINTAS, and each of them, failed to provide PLAINTIFF with proper reasonable accommodations in violation of FEHA, Government Code Section 12940(m) causing PLAINTIFF harm; and CINTAS' failure to provide proper reasonable accommodation was a substantial factor in causing PLAINTIFF's harm.

64.     As a result of CINTAS' unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including but not limited to, depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

65.     PLAINTIFF is entitled to and will seek exemplary, general, and compensatory damages and attorney's fees and costs as to CINTAS in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

///

///

///

**FOURTH CAUSE OF ACTION**

**Failure to Provide Lactation Accommodation in Violation of Labor Code § 1030 et seq**

**(As to DEFENDANT CINTAS and DOES 1 through 20)**

66.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

67.     PLAINTIFF was a nursing employee who could perform the essential functions of her position with an accommodation of a safe and private area to express her breast milk in addition to reasonable amounts of break time to express milk for her baby.

68.     At all times herein, PLAINTIFF was willing and able to perform essential duties and functions of her position with an accommodation of a safe and private area to express her breast milk in addition to reasonable amounts of break time to express milk for her baby.

69.     CINTAS failed to provide PLAINTIFF with proper accommodations which would have permitted her to perform the duties and functions of her position.

70.     PLAINTIF is informed and believes and thereon alleges that CINTAS willfully and/or with reckless indifference, violated the California Labor Code § 1030 by failing to accommodate PLAINTIFF. Such actions have resulted in damage and injury to PLAINTIFF as alleged herein.

71.     As a result of CINTAS' wrongful conduct, PLAINTIFF has suffered and continues to suffer emotional distress, mental and physical pain, anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, depression, and shame.

72.     In light of CINTAS' willful, knowing and intentionally malicious and/or oppressive conduct, PLAINTIFF seeks an award of punitive and exemplary damages in an amount according to proof at trial.

73.     PLAINTIFF has incurred and continues to incur legal expenses and attorney's fees. PLAINTIFF will seek the recovery of her attorney's fees and costs at the conclusion of this lawsuit.

///

///

///

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

## **FIFTH CAUSE OF ACTION**

### **FMLA Retaliation in Violation of 29 U.S.C. § 2601, et seq.**

### **(As to DEFENDANT CINTAS and DOES 1 through 20)**

74. PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

75. At all times relevant to this Complaint, CINTAS was a covered employer under the Family and Medical Leave Act ("FMLA"). 29 U.S.C. § 2611.

76. At all relevant times, PLAINTIFF was an employee of CINTAS. Additionally, CINTAS was the employer of PLAINTIFF.

77. PLAINTIFF was covered under the FMLA as an employee with a serious health condition employed by CINTAS for at least twelve months, and who had performed at least 1,250 hours of service during the previous twelve-month period. *Id.*

78. Under the FMLA, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." *Id.* § 2615(a).

79. The FMLA"s "prohibition against 'interference' prohibits an employer from discriminating or retaliating against an employee . . . for having exercised or attempted to exercise FMLA rights. . . ." 29 C.F.R. § 825.220(c).

80. "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions." *Id.*

81. Employers who violate the FMLA "may be liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered." Id. § 825.220(b); 29 U.S.C. § 2617.

82. Under the Family and Medical Leave Act, an employee is entitled to 12 weeks of medical leave. On return from medical leave an employee is entitled to be returned to the same position or one that is comparable. Courts have determined that employees are entitled to two theories of recovery on FMLA claims, one being an interference claim. *Sanders v City of Newport*

(9th Cir. 2011) 657 f.3d 772,777.

83.    PLAINTIFF informed CINTAS of her intent to use FMLA leave for her pregnancy. However, while out on leave, CINTAS continued to require PLAINTIFF to perform work duties in which she was never compensated.

84.    As a result of CINTAS' unlawful action, PLAINTIFF was harmed.

85.    As a result of CINTAS' action, PLAINTIFF sustained and continues to sustain economic harm, including but not limited to, loss of pay and future employment opportunities. Moreover, PLAINTIFF suffered and continues to suffer mental and physical anguish, anxiety, and loss of sleep. Furthermore, PLAINTIFF has incurred and continues to incur reasonable attorney cost and fees.

### SIXTH CAUSE OF ACTION

**Retaliation in Violation of California Government Coe § 12940 et seq.**

**(As to DEFENDANT CINTAS and DOES 1 through 20)**

86.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

87.    California Government Code § 12940(h) et seq. makes it an unlawful employment practice for an employer to retaliate against an employee for reporting unlawful conduct.

88.    PLAINTIFF complained to CINTAS concerning the discrimination and lack of proper lactation accommodations, but her complaints went ignored. Instead, CINTAS retaliated against PLAINTIFF in violation of public policy. PLAINTIFF engaged in a protected activity when she complained about the foregoing.

89.    In response thereto, CINTAS retaliated against PLAINTIFF in numerous ways including, without limitation, reducing her territories which in turn caused her to lose out on potential commission, failing to provide a safe and private location to pump which caused her to suffer infections and postpartum depression, and ultimately wrongfully terminating her employment.

90.    By engaging in the above-referenced acts and omission, CINTAS retaliated against PLAINTIFF because she participated in a protected activity by making complaints about

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1   DEFENDANTS' unlawful conduct. PLAINTIFF alleges the CINTAS performed the

2   aforementioned conduct with malice and/or with the intent to oppress her.

3        91.    As a result of CINTAS' wrongful conduct, PLAINTIFF has sustained and continues

4   to sustain losses in earnings and other employment benefits.

5        92.    As a result of CINTAS' wrongful conduct, PLAINTIFF has suffered and continues

6   to suffer emotional distress, mental and physical pain, anguish, pain and suffering, loss of sleep, loss

7   of appetite, anxiety, depression and shame.

8        93.    CINTAS' malicious and/or oppressive conduct was a substantial factor in causing

9   PLAINTIFF's harm.

10        94.    In light of CINTAS' willful, knowing, and intentionally malicious and/or oppressive

11   conduct, PLAINTIFF seeks an award of punitive and exemplary damages in an amount according

12   to proof at trial.

13        95.    PLAINTIFF has incurred and continues to incur legal expenses and attorney's fees.

14   PLAINTIFF will seek the recovery of her attorney's fees and costs at the conclusion of this lawsuit.

### SEVENTH CAUSE OF ACTION

**Whistleblower Retaliation in Violation of Labor Code § 1102.5**

**(As to DEFENDANT CINTAS and DOES 1 through 20)**

18        96.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

19   preceding and subsequent paragraph as though fully set forth herein.

20        97.    Labor Code § 1102.5 prohibits employers from retaliating against employees who

21   reported reasonably believed violations of state or federal laws, rules, or regulations to a government

22   or law enforcement agency. With the adoption of SB 496 in 2013, California legislature extended

23   this protection to employees who report suspected illegal behavior to "a person with authority over

24   the employee" who has "authority to investigate, discover, or correct" an employer for violating or

25   failing to comply with a "local, state, or federal rule or regulation…"

26        98.    Through her numerous complaints to CINTAS regarding the ongoing harassment,

27   discrimination, and retaliation, in addition to complaining regarding CINTAS' continual failures to

28   provide reasonable accommodations, PLAINTIFF disclosed information to "a person who has

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

authority over the employee of another employee" that CINTAS was violating a state law (i.e., Gov.C. §§ 12940 et seq "FEHA"). This disclosure protected PLAINTIFF against retaliation under Labor Code § 1102.5. Despite the Labor Codes in place, CINTAS ultimately retaliated against PLAINTIFF by reducing her territories which in turn caused her to lose out on potential commission, failing to provide a safe and private location to pump which caused PLAINTIFF to suffer from infections and postpartum depression, and ultimately wrongfully terminating her employment.

99. Furthermore, CINTAS' (through its own and its principals; and agents' control and actions) retaliatory efforts were intentional and meant to subject PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF's rights.

100. In light of the willful and malicious, fraudulent, and/or oppressive acts of CINTAS, PLAINTIFF seeks an award of punitive and exemplary damages in an amount according to proof at trial.

101. As a result of CINTAS' conduct, PLAINTIFF was caused to suffer, and continues to suffer from, loss of wages, humiliation, anxiety, severe emotional distress, special damages, and general damages according to proof at the time of trial.

102. In addition to the foregoing damages, under Labor Code § 1102.5, PLAINTIFF is entitled to civil penalties of up to $10,000 per violation under this section.

103. Furthermore, PLAINTIFF has incurred and continues to incur legal expenses and attorney's fees. PLAINTIFF will see the recovery of her attorney's fees and costs at the conclusion of this lawsuit.

## **EIGHTH CAUSE OF ACTION**

### **Wrongful Termination in Violation of FEHA and Public Policy**

### **(As to DEFENDANT CINTAS and DOES 1 through 20)**

104. PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

105. PLAINTIFF was an employee of CINTAS at all relevant times mentioned herein.

106. CINTAS wrongfully discharged PLAINTIFF on or about April 3, 2020.

107. PLAINTIFF's complaints regarding CINTAS' discrimination, harassment,

retaliation, and failure to provide her with reasonable accommodations, were motivating reasons for PLAINTIFF's wrongful discharge.

108.   PLAINTIFF was harmed as a result of CINTAS' unlawful conduct and wrongful discharge.

109.   CINTAS' wrongful discharge was a substantial factor in causing PLAINTIFF's harm.

110.   At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940 was and is to prohibit employers from harassing, discriminating and retaliating against any individual based on, among other things, their exercise of rights under that Section. This public policy is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of CINTAS, and each of them, in discriminating, retaliating, and terminating PLAINTIFF on the grounds stated above was wrongful and in contravention and violation of the express public policy of the State of California and the laws and regulations promulgated thereunder.

111.   Labor Code § 1102.5 has been interpreted to recognize a fundamental public policy prohibiting an employer from discharging and employee who reasonably and in good faith lodges a report inside or outside of the employer respecting a suspected violation of statutes or regulations of public importance. It is unlawful for an employer to retaliate and/or discharge an employee for performing a statutory obligation or for refusing to violate a statute.

112.   It is unlawful for an employer to retaliate and/or discharge an employee for internal disclosure of "illegal, unethical or unsafe practices" which affect the public at large, not merely the employer.

113.   PLAINTIFF was retaliated against, and ultimately discharged, in violation of public policy.

114.   In so doing, said managing agents and/or officers of CINTAS, acted with oppression fraud and malice, as those terms are used in California Civil Code § 3294. As such, PLAINTIFF is entitled to an award of punitive damages.

115.   As a result of the aforesaid acts, PLAINTIFF lost, and will continue to lose,

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

1  substantial earnings, promotional opportunities, fringe benefits and have suffered and/or will suffer

2  other actual, consequential and incidental financial losses, in an amount to be proven at trial in

3  excess of the jurisdictional minimum of this Court.

4      116.   As a result of the foregoing, PLAINTIFF has become mentally upset, distressed,

5  embarrassed, humiliated, and aggravated in a sum in excess of the jurisdictional minimum of this

6  Court.

7                           **NINTH CAUSE OF ACTION**

8    **Failure to Pay Minimum Wages Pursuant to Labor Code §§ 1194, 1194.2, and § 1197**

9                    **(As to DEFENDANT CINTAS and DOES 1 through 20)**

10     117.   PLAINTIFF incorporates by reference, repeats, and realleges, each and every

11  preceding and subsequent paragraph as though fully set forth herein.

12     118.   At all relevant times, PLAINTIFF was a non-exempt employee of CINTAS' and

13  entitled to the full protections of the Labor Code and of the Wage Order.

14     119.   Labor Code § 1198 makes it unlawful for an employer to employ any person under

15  conditions of employment that violate the Wage Order.

16     120.   Section 2(G) of the Wage Order defines "hours worked" and "the time during which

17  an employee is subject to the control of the employer, [which] includes all the time the employee is

18  suffered or permitted to work, whether or not required to do so."

19     121.   Labor Code §§ 1194 and 1197, and § 4 of the Wage order require employers to pay

20  non-exempt employees at least minimum wage for each hour worked.

21     122.   At all relevant times during her employment, CINTAS failed to pay PLAINTIFF at

22  least minimum wage for each hour worked. Specifically, PLAINTIFF was forced to perform work

23  duties such as maintaining her accounts and answering work related calls and messages while out

24  on medical leave. At no time was PLAINTIFF ever compensated for these hours.

25     123.   Pursuant to Labor Code §§ 1194 and 1194.2, PLAINTIFF seeks recovery of all

26  unpaid minimum wages, interest thereon, liquidated damages in an amount equal to the amount of

27  unpaid minimum wages, costs of suit, and reasonable attorney's fees, all in amounts subject to proof.

28  ///

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

## TENTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements in Violation of Labor Code § 226

### (As to DEFENDANT CINTAS and DOES 1 through 20))

124.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every allegation contained above as though fully set forth herein.

125.    California *Labor Code* § 226(a) requires CINTAS to accurately itemize in wage statements all deductions from payment of wages, gross wages earned, and benefits accrued by PLAINTIFF.

126.    CINTAS knowingly and intentionally failed to comply with Labor Code § 226(a) by failing to provide proper wage statements to PLAINTIFF when they failed to include all wages worked while she was out on medical leave.

127.    By failing to keep adequate records as required by § 226 of the Labor Code, CINTAS has injured PLAINTIFF.

128.    CINTAS' failure to comply with the Labor Code is unlawful pursuant to *Labor Code* § 1175 and similar IWC Wage Orders.

129.    As a result of these knowing and intentional failures to comply with these knowing and intentional failures to comply with these Labor Code requirements, and PLAINTIFF's injuries, PLAINTIFF is entitled to recover the greater of all actual damages for fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty for four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

130.    As a further result of the foregoing, and pursuant to *Labor Code* § 226(h), PLAINTIFF is seeking injunctive relief to ensure CINTAS comply with the above requirements of the Labor Code and seeking an award of costs and reasonable attorney's fees.

### ELEVENTH CAUSE OF ACTION

### Waiting Time Penalties Pursuant to Labor Code §§ 201 and 203

### (As to DEFENDANT CINTAS and DOES 1 through 20))

131.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

1  allegation contained above as though fully set forth herein.

2      132.    Labor Code § 201 requires employers to immediately pay all earned and unpaid

3  wages to discharged employees at the time of discharge.

4      133.    PLAINTIFF is no longer employed by CINTAS. CINTAS failed to pay PLAINTIFF

5  all her earned wages immediately at the time of her wrongful termination from CINTAS.

6      134.    CINTAS' failure to pay wages and all owed benefits, as alleged above, was willful

7  in that CINTAS knew wages and benefits were due but failed to pay them, thus entitling PLAINTIFF

8  to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a

9  penalty until paid for a period of up to thirty (30) days from the time they were due.

10      135.    CINTAS failed to pay PLAINTIFF a sum certain at the time of termination and have

11  failed to pay those sums and benefits. Pursuant to Labor Code § 203, PLAINTIFF is entitled to

12  penalties in the amount of her daily wages multiplied by, up to, thirty (30) days. PLAINTIFF also

13  seeks interest thereon, liquidated damages in an amount equal to the amount of unpaid minimum

14  wages, costs of suit, and reasonable attorney's fees, all in amounts subject to proof.

15  

**TWELFTH CAUSE OF ACTION**

16  

**Unlawful, Unfair, and Fraudulent Business Practices in Violation of**

17  

**Bus. & Prof. Code §§ 17200, et seq.**

18  

**(As to DEFENDANT CINTAS and DOES 1 through 20)**

19      136.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

20  allegation contained above as though fully set forth herein.

21      137.    PLAINTIFF was an employee of CINTAS at all relevant times mentioned herein.

22      138.    California *Business and Professional Code* Section 17200 et seq. prohibits unfair

23  competition in the form of an unlawful, unfair, or fraudulent business act or practice.

24      139.    CINTAS committed unlawful, unfair, or fraudulent business acts and practices as

25  defined by California *Business and Professional Code* Section 17200.

26      140.    As a direct result of CINTAS' unlawful, unfair, and/or fraudulent acts and practices

27  described herein, PLAINTIFF has suffered economic injuries, including compensation for

28  performing "off-the-clock" work during her medical leave. CINTAS has profited from its unlawful,

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1   unfair, and/or fraudulent acts and practices in the amount of those hours worked.

2       141.   PLAINTIFF is entitled to restitution pursuant to California *Business and*

3   *Professional Code* Section 17202.9 98. By all of the foregoing alleged conduct, CINTAS has

4   committed, and is continuing to commit, ongoing unlawful, unfair and fraudulent business practices

5   within the meaning of Cal. *Business and Professional Code* Section 17200 et seq. As a direct result

6   of the unfair business practices described above, PLAINTIFF has suffered significant losses and

7   CINTAS has been unjustly enriched.

8       142.   Pursuant to Cal. *Business and Professional Code* Section 17203, PLAINTIFF is

9   entitled to: (a) restitution of money acquired by CINTAS by means of its unfair business practices,

10   in amounts not yet ascertained but to be ascertained at trial, and (b) a declaration that CINTAS'

11   business practices are unfair within the meaning of the statute.

12       143.   PLAINTIF has assumed the responsibility of enforcement of the laws and lawful

13   claims specified herein. There is a financial burden incurred in pursuing this action which is in the

14   public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code 23 or

15   Civil Procedure § 1021.

16   **THIRTEENTH CAUSE OF ACTION**

17   **Intentional Infliction of Emotional Distress**

18   **(As to ALL DEFENDANTS)**

19       144.   PLAINTIFF incorporates by reference, repeats, and realleges, each and every

20   allegation contained above as though fully set forth herein.

21       145.   DEFENDANTS engaged in intentional and outrageous conduct as alleges in this

22   Complaint, to PLAINTIFF's detriment.

23       146.   DEFENDANTS knew of should have known that the conduct was unlawful and

24   condoned the illegal activity by permitting it to occur in the workplace. DEFENDANTS, and each

25   of them, knew that such conduct would cause direct and immediate emotional harm to PLAINTIFF

26   and they did nothing to remedy the situation.

27       147.   DEFENDANTS, and each of them, subjected PLAINTIFF to discrimination,

28   harassment, and retaliation. DEFENDANTS engaged in these unlawful actions with the specific

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1    intent to deprive PLAINTIFF of her peace of mind and with reckless disregard for her well-being.

2        148.    DEFENDANTS knew of should have known that the discrimination, harassment,

3    and retaliatory conduct perpetrated by DEFENDANTS, and each of them, was unlawful and

4    designed to cause harm to PLAINTIFF. Each of these acts and certainly all of them together, resulted

5    in PLAINTIFF suffering severe and extreme emotional distress.

6        149.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and will

7    continue to suffer economic loss or disadvantage and emotional distress, including but not limited

8    to, fatigue, depression, a general decline in health, sustained and prolonged pain and suffering,

9    anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is

10   accordingly entitled to exemplary, general and compensatory damages and attorney's fees in

11   amounts to be proven at trial.

12       150.    PLAINTIFF seeks an award of general damages, special damages, exemplary

13   damages, costs and damages in excess of the jurisdictional minimum of this court.

14                                    **PRAYER FOR RELIEF**

15       **WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS, and each of

16   them, as follows:

17       1.    For general economic and non-economic damages according to proof;

18       2.    For compensatory damages according to proof;

19       3.    For liquidated damages;

20       4.    For civil penalties;

21       5.    For special damages according to proof;

22       6.    For punitive damages where allowed by law;

23       7.    For prejudgment interest pursuant to California Civil Code § 3287 and/or California

24   Civil Code § 3288 and/or any other provision of law providing for prejudgment interest;

25       8.    For attorneys' fees where allowed by law;

26       9.    For injunctive relief;

27       10.   For costs of suit incurred herein; and

28   ///

1    11.    For such other and further relief as this Court deems just and proper.

2

3    DATED: April 5, 2022                          **VALIANT LAW**

4

5                                          By:

6                                                  KAMRAN SHAHABI
7                                                  NATALIE AVEDISIAN
                                                   Attorneys for PLAINTIFF JANET BAEZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

-26-
COMPLAINT

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

April 5, 2022

Raymond Babaian
800 Ferrari Ln., Suite 100
Ontario, CA 91764

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 202204-16618805
        Right to Sue: Baez / Cintas Corporation No. 2 et al.

Dear Raymond Babaian:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 5, 2022

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202204-16618805
        Right to Sue: Baez / Cintas Corporation No. 2 et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 5, 2022

Janet Baez
,

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202204-16618805
       Right to Sue: Baez / Cintas Corporation No. 2 et al.

Dear Janet Baez:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 5, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Janet Baez                                                                     DFEH No. 202204-16618805

                                                Complainant,

vs.

Cintas Corporation No. 2
2150 South Proforma Avenue
Ontario, CA 91761

Kim Mahall

,

                                                Respondents

_____

**1.** Respondent **Cintas Corporation No. 2** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **Kim Mahall** individual as Co-Respondent(s).

**3**. Complainant **Janet Baez**, resides in the City of **,** State of **.**

**4**. Complainant alleges that on or about **April 3, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, pregnancy, childbirth, breast feeding, and/or related medical conditions and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied accommodation for pregnancy, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a pregnancy-disability-related accommodation and as a result was terminated, denied any employment benefit or privilege, denied accommodation for pregnancy, denied work opportunities or assignments.

-1-

*Complaint – DFEH No. 202204-16618805*

Date Filed: April 5, 2022

1   **Additional Complaint Details:** CINTAS offers complete facility services, including fire
    protection services for a number of local businesses within Southern California, and was, at
2   all times, COMPLAINANT's legal employer.

3   COMPLAINANT began her employment with RESPONDENTS in or around February 2017
    as an Accounts Manager. Throughout her employment, COMPLAINANT proved to be a
    diligent and hardworking employee – and listed as one of the top performers within the
4   company.

5   COMPLAINANT discovered that she was pregnant in or around the Spring of 2018 and
    immediately notified RESPONDENTS of her pregnancy. Unfortunately, in or around April
6   2018, COMPLAINANT began to experience complications with her pregnancy and sought
    medical treatment. As a result, COMPLAINANT was placed on a short-term disability leave
7   from approximately April 2018 to July 2018. Following this leave, and as a further result of
    the ongoing complications COMPLAINANT was experiencing, her physician requested that
8   COMPLAINANT work from home until her estimated delivery date (of November 11, 2018).
    Despite COMPLAINANT's physician's explicit orders, RESPONDENTS failed to
9   accommodate COMPLAINANT by continuing to require her attendance at in-person
    meetings and/or training sessions and required COMPLAINANT to travel to the office to
10  perform work related duties. During this time, COMPLAINANT was also required to have a
    medical "IV drip" connected to her person. RESPONDENTS, however, still required
11  COMPLAINANT's attendance at their office twice per week, and in the sales field for the
    remaining three days per week—with COMPLAINANT's "IV drip" in tow. In addition,
12  COMPLAINANT was forced to travel to her supervisor Juan Hernandez's (hereinafter
    "HERNANDEZ") residence on several occasions for menial tasks (that could have been
13  done via remote), including, for example, to reset her work password. Notably, all of these
    acts were directly against COMPLAINANT's physician's orders and could have been
14  reasonably performed at home.

15  Egregiously, CINTAS maintained a well-known discriminatory policy that all employees –
    even those on approved leave – must continue to work and maintain their accounts or risk
16  termination.  COMPLAINANT was reminded of this unlawful "upolicy on several occasions
    throughout her employment. COMPLAINANT, having no meaningful choice, went against
17  her physician's orders and continued to go into the office for fear of retaliation and
    termination despite the inherently negative impact and implications on her pregnancy.
18  COMPLAINANT gave birth in or around November 2018. Shortly thereafter, COMPLAINANT
    contacted HERNANDEZ to inform him that she would need specific lactation
19  accommodations upon her return – specifically that she would require a private room to
    pump breast milk. COMPLAINANT was quickly informed that CINTAS' Human Resources
20  office ("HR room") would be available for her use. COMPLAINANT further informed
    HERNANDEZ that she would be required to pump every two hours and would need the
21  privacy of the HR office frequently. HERNANDEZ confirmed that the office would be
    available. In addition, HERNANDEZ informed COMPLAINANT that, upon her return to work,
22  her territories would be changed at the direction of MAHALL. More specifically, her territories
    would be reduced resulting in COMPLAINANT losing the potential to earn her pre-
23  pregnancy leave commissions. COMPLAINANT is informed and believes this was in direct
    retaliation for taking medical leave and requesting reasonable accommodations.
24   Upon COMPLAINANT's return to work, in or around January 2019, she quickly realized that
25  the HR office provided little to no privacy for her to pump breast milk. Specifically, whenever

26                                    -2-
                          *Complaint – DFEH No. 202204-16618805*

27  Date Filed: April 5, 2022

28

COMPLAINANT needed the room, she was forced to alert those using the HR room—including Dee Lewis ("LEWIS") and several other company team members and employees—that she needed the room to pump. COMPLAINANT understandably felt embarrassed and completely humiliated that every two hours she was forced to alert everyone in the HR room to leave so she could use it to pump. Adding insult to injury, LEWIS requested that COMPLAINANT only use specific chairs while pumping—furthering humiliating and degrading COMPLAINANT. Moreover, on multiple occasions, due to a lack of "approved" chairs in RESPONDENTS' HR room, COMPLAINANT was forced to sit on the floor while she pumped. Sadly, however, this was just the beginning of COMPLAINANT accommodating RESPONDENTS instead of RESPONDENTS accommodating her pregnancy needs.

Egregiously, despite the assurance that she would have a private location to pump, COMPLAINANT was routinely interrupted while using the single HR room. On several occasions, CINTAS' employees walked in on COMPLAINANT, even though the door was locked and a "Do Not Enter" sign was in place. On one specific occasion, a female co-worker used a key to enter the locked room, where COMPLAINANT immediately informed her that the office was in use for her pregnancy accommodations. Instead of giving COMPLAINANT the privacy she was allotted by law, this CINTAS employee disregarded COMPLAINANT's privacy and began to place her things at her desk before leaving—only after COMPLAINANT again requested privacy. On another occasion, another CINTAS employee walked into the locked HR office while COMPLAINANT was shirtless. Such pervasive and gradually intentional conduct left COMPLAINANT completely mortified and humiliated. As a result, COMPLAINANT began to suffer severe anxiety which directly affected her ability to produce milk.

Importantly, after each interruption and incident, COMPLAINANT complained to both HERNANDEZ and CINTAS' Branch Manager Winter Barry ("BARRY"). COMPLAINANT again reminded them that she was experiencing anxiety, humiliation, and embarrassment because of RESPONDENTS' failure to properly and/or lawfully accommodate COMPLAINANT. Shockingly, however, instead of alleviating her concerns or finding meaningful solutions, RESPONDENTS failed to respond or act—and ignored COMPLAINANT.

In addition to an unfettered and careless breach of her privacy, COMPLAINANT also faced additional humiliation and harassment from MAHALL. MAHALL frequently inquired as to the reason it would take COMPLAINANT "so long" to pump. Adding insult to injury, MAHALL used his wife's pumping experience as a standard to determine that COMPLAINANT was apparently taking "too long to pump." MAHALL's inquiries, coupled with the harassment and embarrassment COMPLAINANT had already endured, left COMPLAINANT feeling further humiliated and ashamed, as she was forced to defend the manner in which her body produced milk in a different way than her superior's wife—all actions and conduct that COMPLAINANT did not need to explain or endure. COMPLAINANT continued to make complaints to CINTAS regarding this conduct, yet her complaints continued to fall on deaf ears.

Due to CINTAS' unwillingness to provide reasonable and lawful accommodations for COMPLAINANT, she attempted to eliminate her need to pump by using baby formula to feed her newborn. Unfortunately, however, COMPLAINANT's baby did not respond well to any of the formulas she tried. Making matters worse, COMPLAINANT was forced to take her

-3-

*Complaint – DFEH No. 202204-16618805*

Date Filed: April 5, 2022

newborn to the emergency room because COMPLAINANT's newborn was dehydrated from rejecting the formula and not eating all day. COMPLAINANT's newborn's preventable diagnosis understandably caused her increased shame, and self-harm, based on the belief that her newborn's harm and suffering was because of her incapability—whereas RESPONDENTS' unlawful and disgusting conduct was and undoubtedly remains the cause of COMPLAINANT's and her newborn's harm.

On or about March 4, 2019, COMPLAINANT again complained to HERNANDEZ and BARRY that she required an alternate location to pump. Shockingly, RESPONDENTS quickly tried to shift the blame onto COMPLAINANT by insinuating that she failed to put up the "Do Not Enter" sign while she was occupying the room. COMPLAINANT, however, yet again confirmed that she consistently locked the door, put up the "Do Not Enter" sign, and did everything she could to try to make the HR office work because COMPLAINANT certainly did not desire her privacy to be repeatedly breached.  RESPONDENTS, however, did not care, and showed no concern for COMPLAINANT's continued pleas for help. COMPLAINANT again emphasized that she was humiliated and embarrassed and pleaded to find another solution. Despite her ongoing complaints and pleas for help, CINTAS again failed to take any action.

As a result of RESPONDENTS' ongoing failure to provide accommodations, COMPLAINANT attempted to find another solution on her own. COMPLAINANT ultimately tried to shorten the time she spent pumping so that she would not be occupying the HR office for long periods. However, COMPLAINANT's actions led to improper lactation which developed into further medical complications. Consequently, on March 11, 2019, COMPLAINANT informed RESPONDENTS that she was going to the doctor because she was experiencing Mastitis, a painful infection of the breast caused by excessive amounts of time between pumping and/or failing to fully empty the breast.

Shortly thereafter, and as a direct result of their now clearly growing liability, CINTAS finally offered COMPLAINANT an alternative office to pump. However, COMPLAINANT's relief was short-lived. On or about April 15, 2019, while COMPLAINANT was attempting to use the room, CINTAS' agent informed COMPLAINANT that the office had turned into a "first aid" office. COMPLAINANT respectfully explained her position and even attempted to find a solution to co-use the room. Sadly, however, CINTAS' agent quickly displayed his unwillingness to work with COMPLAINANT by immediately asking her how long and how often she would require the room. CINTAS' agent then instructed COMPLAINANT to wait for him to make a call before allowing her to use the office—effectively denying COMPLAINANT the opportunity to pump. Finally, CINTAS' agent begrudgingly allowed COMPLAINANT to use the office, but this was also short lived. Within ten minutes of using the office, CINTAS' "first aide officer" knocked on the door inquiring when she would be done. COMPLAINANT once again complained to RESPONDENTS who merely offered the HR room as a solution.

On or about April 17, 2019, COMPLAINANT escalated her complaints to CINTAS' corporate office because RESPONDENTS' local managing agents refused to accommodate COMPLAINANT. Egregiously, however, COMPLAINANT's escalated complaint to CINTAS' corporate headquarters merely instigated and further perpetuated a retaliatory scheme against COMPLAINANT, aimed to either force her voluntary resignation and/or create fabricated reasons to pretextually terminate her position.

In addition, during this same time, CINTAS continued to require COMPLAINANT to attend off-site meetings and trainings. Because of RESPONDENTS' continue to failure to

*Complaint – DFEH No. 202204-16618805*

Date Filed: April 5, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

reasonably accommodate all of COMPLAINANT's medical conditions and limited requests, on or about June 5, 2019, COMPLAINANT complained to RESPONDENTS regarding the physical, emotional and mental impact of RESPONDENTS' pervasive discrimination, harassment and retaliation.  COMPLAINANT also informed RESPONDENTS that the mandatory off-site meetings and training sessions significantly continued to impact and hinder COMPLAINANT's ability to pump breast milk every two hours. Particularly, COMPLAINANT referenced her experience in attending a meeting just the week prior, and the impact it had on her health, the health of her newborn. RESPONDENTS, however, did not care. Instead, COMPLAINANT was required to drive over an hour and a half to attend the meeting then, once she was at the meeting, CINTAS failed to provide her a safe and private location to pump. As a result, COMPLAINANT was yet again denied the opportunity to pump, and she consequently contracted another infection. Notably, COMPLAINANT had now suffered three infections within the six months of her return to work, which included symptoms such as high fever, chills, and immense pain whenever COMPLAINANT tried to walk or even move her arms. Worse still, COMPLAINANT was required to consume various medications and antibiotics to help combat the infections, however, because COMPLAINANT was not suffering from reoccurring infections, COMPLAINANT built an allergic reaction to the main antibiotic – Amoxicillin – and was no longer able to take it as an antibiotic.

 As a continued result of RESPONDENTS' unlawful and reckless conduct, COMPLAINANT was placed on disability leave in or around August 2019. During her leave, however, COMPLAINANT continued to perform her work duties such as answering work related phone calls and maintaining her accounts. Particularly, on August 18 and 19, 2019, COMPLAINANT exchanged text messages with HERNANDEZ regarding her accounts for which she was never compensated. Notably, COMPLAINANT was not compensated for any work she was forced to perform from August 2, 2019, through September 13, 2019, while remaining on disability leave.

COMPLAINANT commendably withstood RESPONDENTS' wholly intolerable and unlawful work conditions, discrimination and retaliation, to return from disability leave.  Then, in or around February 2020, COMPLAINANT was named one of the top performers within the company and ranked higher in sales than four of her immediate colleagues.

In or around March 2020, because of the COVID-19 pandemic and the "stay at home" quarantine orders impacting all companies and people alike across the globe, CINTAS required its employees to work from home. However, on or about April 3, 2020, COMPLAINANT received a text message from HERNANDEZ requesting that she come into the office. Reasonably confused and concerned by the message—especially because CINTAS was still under state and federal quarantine orders—COMPLAINANT contacted HERNANDEZ to clarify why she needed to come into the office. Shockingly, HERNANDEZ informed COMPLAINANT that she was being terminated for the wholly fabricated and pretextual reason that it was in the best interest of CINTAS due to the alleged financial impact of the COVID-19 pandemic. COMPLAINANT, however, understood that CINTAS was "furloughing" various employees, and requested the opportunity to return once CINTAS' financial concerns were alleviated.  CINTAS, however, refused to "furlough" COMPLAINANT, and firmly defended and upheld its wrongful termination of COMPLAINANT's employment.  Adding insult to injury, COMPLAINANT discovered that she was the only employee chosen for termination in her department, despite outperforming her

Date Filed: April 5, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1  colleagues. COMPLAINANT, therefore, is informed and reasonably believes that her
   termination was in direct retaliation for COMPLAINANT's ongoing complaints and formal
2  corporate grievance lodged regarding CINTAS' pervasive and nonstop failure to
   accommodate her pre and post pregnancy needs.
3  COMPLAINANT has suffered financially and emotionally because of RESPONDENTS'
   multiple forms of discrimination, harassment, retaliation, and wrongful termination.
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                            -6-
                          *Complaint – DFEH No. 202204-16618805*
27
   Date Filed: April 5, 2022
28
                                                        Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Raymond Babaian**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On April 5, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Ontario, CA**

-7-

*Complaint – DFEH No. 202204-16618805*

Date Filed: April 5, 2022

Form DFEH-ENF 80 RS (Revised 02/22)