**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JANET BAEZ,

Plaintiff,

v.

CINTAS CORPORATION NO. 2, KIM MAHALL, and DOES 1-20, inclusive,

Defendants.

Case No. 5:22-cv-00915-SPG-KK

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION [ECF NO. 8]**

Before the Court is Defendants' motion to compel arbitration. (ECF No. 8). Plaintiff opposes. (ECF No. 15). The Court has read and considered the matters raised with respect to the motion and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Defendants' motion.

## I. BACKGROUND

Plaintiff Janet Baez alleges she was wrongfully terminated by her former employer, Defendants Cintas Corporation No. 2 and Kim Mahall. Upon commencement of her employment on or about February 27, 2017, Plaintiff signed a California Employment Agreement for Sales, Service, and Marketing Personnel ("Employment Agreement"). (ECF No. 8-1 ("Wallace Decl.") ¶ 6, Ex. 1). During her employment, Plaintiff signed two additional Employment Agreements correlating to increases in compensation. (*Id.* ¶¶ 7–8, Exs. 2, 3). Each Employment Agreement contains identical arbitration provisions in which the Plaintiff and Defendants agreed to resolve all claims and disputes between them through mandatory and binding arbitration. (*Id.*, Ex. 1 at 5; Ex. 2 at 5, Ex. 3 at 5 (individually, and together, the "Arbitration Agreement")).

Plaintiff commenced this case in the Superior Court of California for the County of San Bernadino on April 27, 2022. (ECF No. 1). Plaintiff effectuated service on May 2, 2022. (*Id.*) Defendants then timely removed the action to this Court on June 2, 2022, pursuant to both original and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332. (*Id.*). On June 8, 2022, Defendants filed the instant motion to compel arbitration. (ECF No. 8 ("Mot.")). Plaintiff opposed on June 22, 2022, (ECF No. 15 ("Opp.")), and Defendants replied in support of their motion on June 29, 2022. (ECF No. 17).

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that written arbitration agreements in contracts "evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting 9 U.S.C. § 2). If the agreement is valid and covers the dispute at issue, "then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The FAA reflects a "liberal federal policy favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (quotation marks omitted). "By its terms, the [FAA] leaves

no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Despite this strong policy favoring arbitration, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83 (2002) (quotation marks omitted).

A court's role under the FAA is to determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (internal citation omitted). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (internal citations omitted). When evaluating whether a party is bound by an arbitration agreement, federal courts "'apply ordinary state-law principles that govern the formation of contracts' to decide whether an agreement to arbitrate exists." *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (quoting *First Options of Chi. Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Accordingly, an arbitration agreement may still be unenforceable if "generally applicable contract defenses, such as fraud, duress, or unconscionability" apply. *Concepcion*, 563 U.S. at 339 (internal citation omitted).

## III. DISCUSSION

Defendants seek to compel all of Plaintiff's individual claims to arbitration based on the signed Arbitration Agreement between Plaintiff and Defendants. Plaintiff does not dispute that all her individual claims arise from her employment with Cintas and therefore are covered by the agreement.[1] However, Plaintiff disputes the Arbitration Agreement's

[1] Plaintiff likewise does not appear to dispute that her class claims should be dismissed if the Arbitration Agreement is found enforceable.

validity in the first instance. Plaintiff further argues that, even if a valid agreement exists, the Court should find it unconscionable and therefore unenforceable. The Court will first address whether a valid arbitration agreement exists and will then turn to unconscionability.

**A. Validity of the Arbitration Agreement**

To determine "whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (quoting *First Options of Chi.*, 514 U.S. at 944). The party seeking to compel arbitration bears the burden of proving the existence of a valid arbitration agreement by a preponderance of the evidence. *Olvera v. El. Pollo Loco*, 173 Cal. App. 4th 447, 453 (2009).

Plaintiff argues her decision to sign the Arbitration Agreement was not voluntary. (Opp. at 6). In support of this argument, plaintiff points to California Labor Code section 432.6, which states that "[a] person shall not, as a condition of employment, continued employment, or the receipt of any employment-related benefit, require any applicant for employment or any employee to waive any right, forum, or procedure for a violation of any provision of the California Fair Employment and Housing Act or [The Labor Code]." However, section 432.6 does not "invalidate a written arbitration agreement that is otherwise enforceable under the Federal Arbitration Act." Cal. Lab Code § 432.6(f).

The Court finds that the Arbitration Agreement is valid. Pursuant to its terms, Plaintiff and Defendants expressly agreed that the Employment Contract "will be interpreted, governed and enforced according to the Federal Arbitration Act." (Wallace Decl., Ex. 1 at 4). The FAA generally applies to employment contracts, except those of transportation workers, and accordingly applies to the agreement at issue here. *Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 119, 121 (2001). Moreover, neither party disputes that the Arbitration Agreement covers Plaintiff's claims in this case. Accordingly, Plaintiff is unable to overcome the "liberal federal policy favoring arbitration," and the requirement that courts "place arbitration agreements on an equal footing with other contracts, and

enforce them according to their terms." *Concepcion*, 563 U.S. at 339 (internal citations and quotation marks omitted).

**B. Unconscionability**

Plaintiff argues the Court cannot enforce the Agreement because it is unconscionable. (Opp. at 9-13). California courts require both procedural and substantive unconscionability to invalidate a contract. *OTO, LLC v. Kho,* 8 Cal. 5th 111, 125 (2019). Courts "apply a sliding scale, meaning if one of these elements is present to only a lesser degree, then more evidence of the other element is required to establish overall unconscionability." *Torrecillas v. Fitness Int'l, LLC*, 52 Cal. App. 5th 485, 492 (2020). The party asserting a defense to the enforceability of an arbitration agreement, such as unconscionability, has the burden of proving that defense by a preponderance of the evidence. *See Damoa v. Canoo Techs. Inc*., No. 2:21-CV-09266-CAS (RAOx), 2022 WL 768543, at *4 (C.D. Cal. Mar. 14, 2022) (citing *Engalla v. Permanente Med. Grp*., 15 Cal. 4th 951, 972 (1997)).

Procedural unconscionability focuses on the manner in which the parties formed the contract. *Torrecillas*, 52 Cal. App. 5th at 493. The inquiry asks whether the agreement was signed with surprise or oppression. *Id*. Substantive unconscionability considers whether the overall bargain is overly harsh or unreasonably one-sided. *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 114 (2000). The standard asks whether the agreement is "so one-sided as to shock the conscience." *Pinnacle Museum Tower Ass'n. v. Pinnacle Mkt. Dev. LLC*, 55 Cal. 4th 223, 246 (2012). Only a "modicum of bilaterality" is required for a finding of conscionability. *Armendariz*, 24 Cal. 4th at 117.

Plaintiff asserts that the Arbitration Agreement is substantively unconscionable because it (1) "shorten[s] the limitation period for an employee to pursue claims against an employer," and (2) does not meet the *Armendariz* factors because the Arbitration Agreement does not mention adequate discovery or a written decision. (Opp. at 13-14).

However, unlike a waiver of statutorily provided remedies, "parties to an arbitration agreement may agree to shorten the applicable limitations period for bringing an action."

*Baxter v. Genworth N. Am. Corp.*, 16 Cal. App. 5th 713, 731 (2017). "[A] shortened limitations period must be reasonable." *Id*. (citing *Ellis v. U.S. Sec. Assocs*., 224 Cal. App. 4th 1213, 1222 (2014)); *Brisbane Lodging, L.P. v. Webcor Builders, Inc*., 216 Cal. App. 4th 1249, 1262 (2013) ("California courts have overwhelmingly granted contracting parties substantial freedom to shorten an otherwise applicable statute of limitations, so long as the time allowed is reasonable."). "A contractual period of limitation is reasonable if the plaintiff has a sufficient opportunity to investigate and file an action, the time is not so short as to work a practical abrogation of the right of action, and the action is not barred before the loss or damage can be ascertained." *Ellis*, 224 Cal. App. 4th at 1223.

Here, Plaintiff points to the Arbitration Agreement's provision that "request[s] for arbitration must be submitted within one year of the date when the dispute or difference first arose or within one year of when the Employee's employment ends, whichever comes first." (Opp. at 13 (quoting Wallace Decl., Exs. 1-3)). However, Plaintiff misquotes the Arbitration Agreement. Each of the Arbitration Agreements provides that "request[s] for arbitration must be submitted within one year of the date when the dispute or difference first arose or within one year of when the Employee's employment ends, whichever occurs first, *unless a party claims a violation of a specific statute having its own specific statute of limitations, in which event that statutory time limit will apply*." (Wallace Decl., Exs. 1-3 (emphasis added)). As such, contrary to Plaintiff's assertion, the Arbitration Agreements do *not* shorten the limitations period for any statutory claims. Plaintiff's citation to *Jackson v. S.A.W. Ent. Ltd*., 629 F. Supp. 2d 1018, 1028 (N.D. Cal. 2009) is inapposite. In *Jackson*, the statute of limitations provision shortened the time to bring statutory claims to six months. 629 F. Supp. 2d at 1029. Similarly, the statute of limitations provision in *Wu v. JPMorgan Chase Bank, N.A.*, No. LA CV19-00363 JAK (SKx), 2019 WL 4261880 (C.D. Cal. Aug. 5, 2019) did not carve out statutory claims like Plaintiff's Arbitration Agreement clearly does. *See id.* at *9. Accordingly, the Court finds the Arbitration Agreement's statute of limitations provision reasonable and not substantively unconscionable on that basis.

   Plaintiff also contends the Arbitration Agreement is substantively unconscionable because it does not provide for adequate discovery or a written decision. (Opp. at 13-14). Although the Arbitration Agreement does not expressly address either, it provides that any arbitration shall be "conducted in accordance with the AAA's National Rules for Resolution of Employment Disputes, except if such AAA rules are contrary to applicable state or federal law, applicable law shall govern." (Wallace Decl., Exs. 1, 2, 3). "[I]t has been frequently held that the AAA rules allow for sufficient discovery under both California and federal standards." *Limon v. ABM Indus. Grps., LLC*, No. 3:18-CV-00701, 2018 WL 3629369, at *6 (S.D. Cal. July 31, 2018); *see also Garcia v. Din Tai Fung Rest., Inc.*, No. 20-CV-02919-BLF, 2020 WL 6822909, at *8 (N.D. Cal. Nov. 20, 2020) (finding arbitration agreement "provides for adequate discovery" because it applies the AAA rules); *Roman v. Superior Court*, 172 Cal. App. 4th, 1462, 1475-76 (2009) ("There appears to be no meaningful difference between the scope of discovery approved in Armendariz and that authorized by the AAA employment dispute rules."); *Lucas v. Gund, Inc.*, 450 F. Supp. 2d 1125, 1133 (C.D. Cal. 2006) ("The [AAA] rules do not limit discovery other than to provide that only 'necessary' discovery shall be conducted, but this is the same standard as applies in court: parties at trial cannot engage in unfettered discovery." (citing Fed. R. Civ. P. 26(b)(2))). Moreover, "the AAA Commercial Rules require a written award and permit the parties to request a reasoned award." *Katz v. Meridian Cap. Grp. Inc.*, No. 2:11–cv–00886–JHN–VBKx, 2011 WL 13220089, at *5 (C.D. Cal. June 22, 2011); *Cornejo v. Spenger's Fresh Fish Grotto*, No. C 09-05564 MHP, 2010 WL 1980236, at *5 (N.D. Cal. May 17, 2010) ("by adopting the National Rules for the Rules of Employment Disputes, the Arbitration Agreement, by incorporation, provides for a written decision in accordance with *Armendariz*"); *Lucas*, 450 F. Supp. 2d at 1133-34 (same). Accordingly, the Court rejects Plaintiff's assertion that the Arbitration Agreement is substantively unconscionable under *Armendariz*.

   Because the Court finds the Arbitration Agreement is not substantively unconscionable, the Court need not determine whether it is procedurally unconscionable.

*See Armendariz*, 24 Cal. 4th at 114 (holding that procedural and substantive unconscionability "must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability"); *Damoa*, 2022 WL 768543, at *6 (finding "the Court need not reach procedural unconscionability, because plaintiff is unable to point to any terms in the Agreement that are substantively unconscionable"). Therefore, the Court finds the Arbitration Agreement is not unconscionable.

**C. Whether to Stay or Dismiss**

In the Ninth Circuit, the district court has discretion to dismiss a party's complaint where the court finds that the arbitration clause encompasses all of the party's claims. *See, e.g.*, *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (affirming dismissal of action without prejudice where "all of the claims raised in the action are subject to arbitration"); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (finding 9 U.S.C. § 3 "did not limit the court's authority to grant a dismissal" rather than stay the case); *see also S.S.L. Invs., LLC v. Oroskar*, No. CV 22-2953-RSWL-ASX, 2022 WL 7620009, at *5 (C.D. Cal. Oct. 11, 2022) (dismissing action after compelling arbitration of all plaintiff's claims). Here, both parties agree that all Plaintiff's claims fall within the scope of the Arbitration Agreement. Accordingly, the Court exercises its discretion and dismisses Plaintiff's claims without prejudice.

**IV. CONCLUSION**

For the reasons discussed above, the Court GRANTS Defendants' motion to compel arbitration and DISMISSES Plaintiffs' Complaint without prejudice.

DATED: October 31, 2022

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE